# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00721-CV

**Raul Martinez, Appellant**

**v.**

**Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc.; Asset-Backed Pass-Through Certificates Series 2003-6; Homeward Residential, Inc.; and Juanita Strickland, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-13-001195, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Raul Martinez complains of the trial court's order denying his motion for partial summary judgment and granting the motion for summary judgment filed by appellees Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities, Inc.; Asset-Backed Pass-Through Certificates Series 2003-6; Homeward Residential, Inc.; and Juanita Strickland.[1]  We affirm the trial court's order.

---

[1]  Strickland was the substitute trustee who signed various notices related to the foreclosure sale and the substitute trustee's deed in favor of Deutsche Bank.  Homeward Residential, Inc. was the "servicer in fact" involved in the foreclosure that appointed Strickland as substitute trustee.  We will refer to all of the appellees collectively as "Deutsche Bank."

**Factual and Procedural Background**

In 2002, Martinez took out a home-equity loan, signing a deed of trust in favor of Ameriquest Mortgage Company, which assigned the loan to Deutsche Bank in 2007. In 2006 and 2007, Martinez entered into three forbearance agreements. In 2008, after he defaulted on the third forbearance agreement, Deutsche Bank served Martinez with a Notice of Intention to Foreclose. In 2011, Deutsche Bank served Martinez with a Notice of Acceleration and then obtained a court order allowing it to proceed with foreclosure. In November 2012, the foreclosure sale was conducted, and Deutsche Bank bought the property. In April 2013, Martinez sued Deutsche Bank. His primary assertion was that Ameriquest had issued the loan without holding a proper license, that the loan violated the home-equity provisions of the Texas Constitution, *see* Tex. Const. art. 16, § 50(a)(6), and was therefore void, and that the ensuing foreclosure was invalid and illegal. He asserted claims for unlawful foreclosure; the fraudulent filing of documents, *see* Tex. Civ. Prac. & Rem. Code § 12.002; violations of the deceptive trade practices act (DTPA), *see* Tex. Bus. & Com. Code § 17.50; violations of chapter 51 of the property code, *see* Tex. Prop. Code §§ 51.001-.015; and violations of the finance code, *see* Tex. Fin. Code §§ 392.301, .304.

Deutsche Bank filed a traditional and no-evidence motion for summary judgment. In the portion of the motion seeking traditional summary judgment, it asserted, among other things, that the Ameriquest office that issued the loan was properly licensed and that Martinez's claims related to violations of the Texas Constitution and assignments of the deed of trust were barred by limitations. Deutsche Bank also asserted that there was no evidence of various elements of each of Martinez's claims, including asserting that there was no evidence that the loan violated the Texas

2

Constitution; that Ameriquest was not properly licensed when the loan issued; that the foreclosure sale was defective or that the sales price was grossly inadequate; that Deutsche Bank was not the owner of or entitled to enforce the loan; that the mortgage servicing company lacked authority to service the loan or appoint the substitute trustee; that the substitute trustee lacked authority to conduct the foreclosure; or that any fraudulent documents or records were made or filed.

Martinez did not file a response to Deutsche Bank's motion but did file a motion for partial traditional and no-evidence summary judgment. He again asserted that the loan was void because the Ameriquest office in question was not licensed as a regulated lender and, therefore, that any purported later assignment to Deutsche Bank was meaningless. He also argued that he had standing to challenge the assignment of the loan and that even if the loan was valid, he had a superior right to the property because the property was not timely assigned to Deutsche Bank. He did not address the bulk of no-evidence points raised by Deutsche Bank in its motion.[2] The trial court held a hearing and signed an order denying Martinez's motion and granting Deutsche Bank's motion without specifying the grounds.[3]

## Discussion

On appeal, Martinez asserts only (1) that the home-equity lien was void because Ameriquest was not a regulated lender, and (2) that even if the lien was voidable instead of void,

---

[2] *See* Tex. R. Civ. P. 166a(i) (if non-movant does not produce evidence raising genuine issue of material fact as to each element challenged in no-evidence motion, trial court must grant motion).

[3] Martinez submitted a draft order that included language specifying that summary judgment was granted on the basis of limitations, but the trial court instead signed an order stating only that Deutsche Bank's motion was "in all respects granted."

3

limitations did not begin to run until Deutsche Bank exercised its option to accelerate the loan. He does not challenge the other no-evidence arguments put forth by Deutsche Bank in its motion. Martinez thus cannot complain about the trial court having granted summary judgment on his claims related to illegal or wrongful foreclosure, fraudulent filing of documents, violations of the debt collection practices act, violations of the DTPA, or violations of the property code. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) ("When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion."). As for the remaining dispute, we will view Martinez's motion for summary judgment as also responding to Deutsche Bank's motion and attempting to raise an issue of fact as to whether Ameriquest was a regulated lender at the time it made the loan. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (setting out standards for reviewing granting of traditional and no-evidence summary judgments).

A lender or a holder of a home-equity note "shall forfeit all principal and interest" if the loan is made by a person other than a bank, savings and loan association, savings bank, credit union, federally chartered lending instrumentality, "a person approved as a mortgagee by the United States government to make federally insured loans," "a person licensed to make regulated loans" under Texas law, the person who sold and financed the property to the current owner, a person related to the owner within the second degree of affinity or consanguinity, or "a person regulated by this state as a mortgage broker." Tex. Const. art. 16, § 50(a)(6)(P), (Q)(xi). To engage in the business of making, transacting, or negotiating loans, a person must be licensed under chapter 342 of the finance code, Tex. Fin. Code § 342.051(a), and "hold a separate license for each office at

which loans are made, negotiated, serviced, held, or collected," *id*. § 342.052(b). The application for a license must "give the approximate location from which business is to be conducted," *id*. § 342.101(a)(2), and the license will state "the address of the office from which the business is to be conducted," *id*. § 342.151(a)(2).

The deed of trust signed by Martinez identified "Ameriquest Mortgage Company" as the lender and stated that its address was "1100 Town and Country Road, Suite 200, Orange, CA 92868." Deutsche Bank provided as evidence a certificate from the Texas Office of Consumer Credit Commissioner (OCCC) stating:

> Ameriquest Mortgage Company (License Number 1171-9977) located at: 1100 Town & Country Rd.; Orange, California 92868, held a regulated loan license from March 20, 1998 until November 2, 2007 when the license was canceled. On April 19, 2004, the OCCC processed a change in address request from the licensee. After the address change this license location became: 1100 Town & Country Rd., 11th Floor; Orange, California 92868.

As we already noted, Martinez did not respond to Deutsche Bank's motion. He did, however, file his own motion for summary judgment, attaching another certificate from the OCCC, which we will view as an attempt to raise an issue of fact as to Ameriquest's license. This certificate stated:

> Ameriquest Mortgage Company (License Number 1171-9977) located at: 1100 Town & Country Road, 11th Floor; Orange, California 92868 was actively licensed as a Regulated Lender from March 20, 1998 until April 19, 2004, when the license was canceled and a transfer was processed.
>
> After the transfer, the location remained the same, and the entity was actively licensed from . . . April 19, 2004 until November 2, 2007, when the license was canceled. Currently, this entity is not licensed with this office.

5

Considering both certificates, the evidence shows as a matter of law that at the time the loan originated, the Ameriquest office that issued the loan held a regulated loan license. As explained in Deutsche Bank's certificate, the address on file with the OCCC was simply "1100 Town & Country Road, Orange, California 92868," from March 20, 1998, until April 19, 2004, at which point the office amended its address to specify the 11th floor. Although each individual office of a multi-branch lender must hold its own license, *id.* § 342.052(b), Ameriquest was only required to provide the consumer credit commissioner with the approximate location of its office, *see id.* § 342.101(a) (license application must give "*approximate* location from which business is to be conducted" (emphasis added)). The fact that the deed referenced "suite 200," a specific office number not included in the OCCC certificates, does not raise a genuine issue of material fact as to whether this Ameriquest office was properly licensed as of the loan origination date. *See id*. §§ 342.101(a)(2), .151(a)(2).

## Conclusion

Deutsche Bank proved that the underlying loan, associated documents, and lien were valid and that the loan did not violate the Texas Constitution so as to render it void. Therefore, all of Martinez's arguments relying on the voidness of the lien must fail, and the trial court properly granted summary judgment against those claims. *See Merriman*, 407 S.W.3d at 248. We need not address Martinez's appellate arguments related to limitations. We affirm the trial court's order granting Deutsche Bank's motion for summary judgment and denying Martinez's motion.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   November 25, 2015